UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
CHEYENNE BOSTOCK,

                Plaintiff,

      -against-

THE CITY OF NEW YORK, SERGEANT
PIROZZI, POLICE OFFICER MATHURA,
POLICE OFFICER THOMPSON, and POLICE
OFFICERS "JOHN DOE 1-2", (whose names and
Shield numbers are unknown),

                Defendants.
-----------------------------------------------------------x

Index No.

**COMPLAINT**

**JURY DEMAND**

CV 13 321

ROSS, J.

AZRACK, M.J.

Plaintiff, by his attorney, Ike Dibia, Esq., complaining of the Defendants, The City of New York, Sergeant Pirozzi, Police Officer Mathura, Police Officer Thompson, and Police Officers "John Doe 1-2", upon information and belief alleges as follows:

## INTRODUCTION

1. This is an action at law to redress the deprivation under color of statute, ordinance, regulation, custom, or usage of rights, privileges, and immunities secured to the Plaintiff by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983 [and § 1985].

2. Plaintiff seeks monetary damages for: the false arrest, false imprisonment and detention of Plaintiff, Cheyenne Bostock, and otherwise, for the violation of Plaintiff's federally guaranteed constitutional and civil rights. Plaintiff seeks whatever other relief is appropriate and necessary in order to serve the interest of justice and assure that his remedy is full and complete.

## JURISDICTION

3. The jurisdiction of this Court is invoked pursuant to and under 28 U.S.C. Sections 1331 and 1343(3) and (4) in conjunction with the Civil Rights Act of 1871, 42 U.S.C. Section 1983, and under the Fourth and Fourteenth Amendments to the United States Constitution.

4. Jurisdiction is also invoked pursuant to and under 28 U.S.C. Section 1367, entitled Supplemental Pendent Party Jurisdiction.

5. Plaintiff requests that the Court invoke pendent jurisdiction over any and all claims arising under the laws and Constitution of the State of New York.

6. The State law claims have a common nucleus of operative facts with the federally based claims and they arise out of the same transaction(s) and occurrence(s) giving rise to the Plaintiff's federally based claims and causes of action.

7. Plaintiff also invokes the jurisdiction of this Court in conjunction with the Declaratory Judgment Act, 28 U.S.C. Sections 2201, et seq., this being an action in which Plaintiff, while seeking monetary damages, also seeks declaratory and injunctive relief if such is deemed necessary and desirable and in the interest of justice in order to provide Plaintiff with a full and complete remedy for the violation of his rights.

## PARTIES

8. Plaintiff, a black male of full age, is a resident of the City of New York, County of Kings and State of New York.

9. The City of New York is a municipal entity existing under the laws and Constitution of the State of New York and was the employer of the Defendant Police Officers through its Police Department, the New York City Police Department, (hereinafter "NYPD") and the actions

of the Police Officers complained of herein were done as part of the custom, practice, usage, regulation and/or direction of the City of New York.

10. At all times herein, individual Defendants Sergeant Pirozzi, Police Officer Mathura, Police Officer Thompson, and Police Officers "John Doe 1-2" were employed as Police Officers of the City of New York, State of New York, and were acting under the color of their official capacity and their acts were performed under color of the statutes and ordinances of the City of New York and the State of New York. The Defendant Police Officers were the servants, agents, and employees of their co-Defendant, the City of New York. Notwithstanding the wrongful and illegal nature of their acts and conduct as hereinafter described, they were taken in and during the course of their duties and functions as New York City Police Officers and incidental to the otherwise lawful performance of the same.

11. All conditions precedent to filing of this action have been complied with; on April 4, 2012, within ninety days after the claim alleged in this complaint arose, a written notice of claim, sworn to by the Plaintiff, was served upon the Defendant City of New York by personal delivery of the notice in duplicate, to the person designated by law as one to whom a summons issued against such party may be delivered in an action in the Supreme Court. The said Notice of Claim was assigned claim number 2012PI009132.

12. At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

13. This action has been commenced within one year and ninety days after the happening of the event upon which the claim is based.

## FACTS COMMON TO ALL CAUSES OF ACTION

14. On or about January 19 and January 20, 2012, Defendant Police Officers were on duty and were acting within the scope of their authority as Police Officers for Defendant City of New York and in furtherance of the business of the City of New York.

15. On or about January 19, 2012, at and within the premises known as 117 11th Street, Brooklyn, New York (hereinafter "subject premises"), in the County of Kings, City of New York, the Plaintiff was working as an event promotion consultant at the aforesaid location which was utilized as an event space.

16. On or about January 19, 2012, Defendants Pirozzi, Thompson, and Mathura walked into Plaintiff's office within the premises known as 117 11th Street, Brooklyn, New York. Defendant Pirozzi then informed Plaintiff that Plaintiff could no longer hold any events at that location due to several disturbance complaints.

17. Plaintiff then advised Defendant Pirozzi that he was not the owner of the premises, and that he would advise his employer of what Sergeant Pirozzi had just told him.

18. On January 20, 2012, at approximately 08:00 p.m., Plaintiff was outside the premises waiting to inform an event promoter that, due to the directive issued on January 19, 2012, by Defendant Pirozzi, the promoter's event scheduled for the same evening was cancelled and could not be held in the subject premises. The doors and gates to both entrances to the subject premises were locked.

19. At approximately 08:45 p.m., the promoter for the event scheduled for that evening arrived at the subject premises accompanied by approximately two to three other people. Plaintiff immediately advised the promoter that his event had been cancelled as a result of

4

Defendant Pirozzi's earlier directive. Plaintiff also informed him that his deposit would be refunded.

20. The promoter did not believe what Plaintiff told him regarding the cancellation of the event, consequently, one of the promoter's friends decided to make a 911 telephone call to verify what Plaintiff had just informed them of.

21. On January 20, 2012, between the hours of 9:00 p.m. and 10:00 p.m. Plaintiff was close to the alternate entrance to the subject premises which is located on Tenth Street, at or close to its intersection with 2nd Avenue, in the County of Kings, City of New York, when Plaintiff, the promoter, and the promoter's friends stopped an NYPD vehicle which was in the vicinity and explained the situation to the Police Officers "John Doe 1-2".

22. Defendant Pirozzi subsequently arrived at the location accompanied by the other Defendant Officers. As soon as Defendant Pirozzi saw Plaintiff, he said *"Didn't we have this conversation yesterday?"*, and Plaintiff responded by saying *"Yes, that's exactly why I'm here. To make sure the event didn't happen"*. The next thing Defendant Pirozzi said was *"Cuff him."*

23. The above referenced police officers, without explanation immediately placed the Plaintiff, under arrest.

24. Plaintiff was arrested, and thereafter, he was transported to the 78th Police Precinct where he was fingerprinted, searched, photographed and imprisoned in a police cell.

25. Plaintiff was subsequently transported to Brooklyn Central Booking and processed under Arrest Number K12606900.

26. On January 21, 2012, at approximately 11.00 p.m. Plaintiff was released from custody because the Kings County District Attorney's Office declined to prosecute Plaintiff.

27. Plaintiff was caused to be incarcerated for approximately 26 hours before being released.

28. Before and at the time Plaintiff was unlawfully arrested, seized, and searched by the Defendant Police Officers, he had not been engaging in any suspicious or unlawful conduct. Therefore, his arrest without a warrant was completely unjustified, in that it was made without reasonable suspicion or probable cause.

29. Plaintiff was falsely arrested and subjected to abuse of criminal process.

30. Plaintiff suffered violations of his federally guaranteed constitutional and civil rights including rights guaranteed to him under the Fourth and Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

31. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to properly sanction or discipline Police Officers including the Defendants in this case, for the violations of the constitutional rights of citizens, thereby causing Police Officers including Defendants in this case, to engage in unlawful conduct.

32. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to properly sanction or discipline Police Officers including the Defendants in this case, who are aware of and subsequently conceal violations of the constitutional rights of citizens by other Police Officers thereby causing and encouraging Police Officers including Defendants in this case, to engage in unlawful conduct

33. The actions taken against Plaintiff by the Defendant Officers herein were also propelled by a policy and practice of the City of New York which promotes an "ends justifies the means" philosophy of combating crime which causes Officers to arrest individuals, particularly

blacks, without probable cause and to subject such individuals to false criminal charges, to excessive force, assault and battery. The said policy and practice falls disproportionately on persons of color.

34. These policies and practices violate the rights of the Plaintiff under federal law including the Fourth and Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

35. The policies and practices complained of herein also violate the rights of Plaintiff under the Constitution and laws of the City and State of New York.

36. The actions and conduct of the Officers and the policies and practices of the City of New York were negligent and the proximate cause of damages to the Plaintiff.

37. The Defendant Officers acted together and in concert sanctioning and ratifying and otherwise condoning the wrongful actions being taken by each of the Defendant Officers in a collective manner and fashion.

38. The Plaintiff has no other adequate remedy at law but for this action.

## AND AS FOR A FIRST CAUSE OF ACTION

39. Plaintiff reiterates paragraphs 1 through 38 and incorporates same by reference herein.

40. Defendants, Sergeant Pirozzi, Police Officer Mathura, Police Officer Thompson, and Police Officers "John Doe 1-2" violated the Plaintiff's right to be free from false arrest and false imprisonment guaranteed to him under the Fourth and Fourteenth Amendments to the United States Constitution, and Plaintiff's right not to be denied his liberty without due process of law, secured to him under the Fifth and Fourteenth Amendments to the Constitution. By violating

7

Plaintiff's constitutional rights under color of State Law, the Defendant Police Officers violated the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

41. As a result of Plaintiff's false arrest and imprisonment, Plaintiff has been caused to suffer humiliation, bodily pain, mental anguish, embarrassment, loss of income, was prevented from attending to his necessary affairs, and has been caused to incur legal expenses and has been otherwise damaged.

42. This action falls within one or more of the exceptions of the New York State Civil Practice Laws and Rules Section 1602.

### AND AS FOR A SECOND CAUSE OF ACTION

43. Plaintiff reiterates paragraphs 1 through 42 and incorporates same by reference herein.

44. Defendant Police Officers falsely arrested and imprisoned Plaintiff in violation of the Common Law.

45. The false arrest and imprisonment of Plaintiff was carried out without a valid warrant, without Plaintiff's consent, and without probable cause or reasonable suspicion.

46. Defendant Police Officers acted with malice and reckless and intentional disregard for Plaintiff's rights under common law when they arrested and imprisoned Plaintiff because they were acting on allegations they knew to be false. Therefore, said Defendant Police Officers are guilty of egregious and gross misconduct toward Plaintiff.

47. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damage herein before stated.

48. This action falls within one or more of the exceptions of the New York State Civil

Practice Laws and Rules Section 1602.

## AND AS FOR A THIRD CAUSE OF ACTION

49. Plaintiff reiterates paragraphs 1 through 48 and incorporates same by reference herein.

50. By arresting, detaining and imprisoning Plaintiff, without justification, probable cause or reasonable suspicion, the Defendant Officers, deprived Plaintiff of rights, remedies, privileges and immunities guaranteed to every citizen of New York by Article 1, Section 12 of the New York State Constitution.

51. In addition, the Defendant Officers conspired among themselves to deprive Plaintiff of his constitutional rights secured by Article 1, Section 12 of the New York State Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

52. The Defendant Officers acted under pretense and color of state law in their individual and official capacities, and within the scope of their respective employment as NYPD Officers. Such acts by Defendant Officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive the Plaintiff of his constitutional rights secured by Article 1, Section 12 of the New York State Constitution.

53. Defendants, their Officers, attorneys, agents, servants and employees were responsible for deprivation of Plaintiff's State Constitutional rights. Defendant City, as employer of each of the Defendant Officers, is responsible for their wrongdoing under the common law doctrine of *respondeat superior.*

9

54. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein before stated.

55. This action falls within one or more of the exceptions of the New York State Civil Practice Laws and Rules Section 1602.

## AND AS FOR A FOURTH CAUSE OF ACTION

56. Plaintiff reiterates paragraphs 1 through 55 and incorporates same by reference herein.

57. Defendants Police Officers were acting as agents of Defendant City of New York (through its Police Department) when they arrested, imprisoned, and prosecuted Plaintiff. Therefore, under the common law principal/agent *respondeat superior* rule, Defendant City of New York is jointly and severally liable with Defendant Police Officers for the general and specific damages sustained by Plaintiff, as well as for the attorneys' fees and the costs and disbursements of the action.

58. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damage herein before stated.

59. This action falls within one or more of the exceptions of the New York State Civil Practice Laws and Rules Section 1602.

## AND AS FOR A FIFTH CAUSE OF ACTION

60. Plaintiff reiterates paragraphs 1 through 59 and incorporates such by reference herein.

61. Upon information and belief, Defendant City of New York, through the NYPD, owed a duty of care to Plaintiff to prevent mental abuse sustained by Plaintiff.

62. Upon information and belief, Defendant City of New York, through the NYPD, owed a duty of care to the Plaintiff because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated that an injury to Plaintiff or to those in like situation would probably result from this conduct.

63. The Defendant City of New York knew or should have known through the exercise of reasonable diligence that the Defendant Officers were not prudent and were potentially dangerous.

64. As a direct and proximate result of the negligence of the Defendant City of New York in hiring and retaining the Defendant Officers, Plaintiff sustained the damage hereinbefore stated.

65. This action fall within one or more of the exceptions of the New York State Civil Practice Laws and Rules Section 1602.

## AND AS FOR AN SIXTH CAUSE OF ACTION

66. Plaintiff reiterates paragraphs 1 through 65 and incorporates such by reference herein.

67. The violations of Plaintiff's constitutional rights and of Federal Law alleged in Plaintiff's First, Second, Third, Fourth, and Fifth Causes of Action by Defendant Officers' were carried out under the following policies, customs, and practices of Defendant City:

i. Failure to establish, publish, and instill in New York City Police Officers and Detectives the practical meaning of probable cause or reasonable cause for arrests so that Officers would not detain and/or arrest citizens based on their hunches, inklings, or mere suspicion and without reasonable or probable cause;

11

ii. De-emphasizing the importance of an arrest warrant issued by a Judge or Magistrate, which would act as a buffer between the citizenry and the Police, and encouraging the Police to arrest first and ask questions later;

iii. Failing to take proper corrective and punitive actions against overreaching Police Officers and creating the impression that crime reduction is paramount and triumphs over constitutional rights in all circumstances.

68. Under 42 U.S.C. § 1983, Defendant City is jointly and severally liable with Defendant Officers for the general and specific damages Plaintiff sustained in the First Cause of Action, as well as for the attorneys' fees and the costs and disbursements of the action.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, the Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff prays the Court for judgment as follows:

1. For compensatory damages against each defendant in an amount to be proven at trial;

2. For exemplary and punitive damages against each defendant in an amount to be proven at trial;

3. For costs of suit herein, including the plaintiff's reasonable attorney's fees; and

4. For such other and further relief as the court deems just and proper.

Dated: Brooklyn, New York
January 17, 2013

LAW OFFICE OF IKE DIBIA

By: *I. Dibia*
Ike Dibia, Esq. (ID-5305)

Attorney(s) for the Plaintiff
767 Franklin Avenue, Ground Floor
Brooklyn, N.Y. 11238
(718) 230-1517